IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE MIGUEL HILARIO,

      Plaintiff,

v.                                        CASE NO. 5:13-cv-305-RS-EMT

OFFICER WOLF, et al.,

      Defendants.
_____/

## ORDER

Before me is Plaintiff's Objection against "ORDER" filed on 3-5-2014 Document 31 by Elizabeth M. Timothy, United States Magistrate Judge, Pursuant to Title 28 U.S.C. § 636 and Federal Rules of Civil Procedure Rule 72 (Doc. 33). The Court will construe this as a motion to vacate the magistrate judge's order, and the motion is **DENIED**.

Petitioner is advised that this court will not tolerate the disrespectful tone exhibited in his objection. Petitioner may disagree with the propriety and clarity of the court's directives, but such disagreement does not confer upon Petitioner license to include disrespectful language in his written filings. Furthermore, if Petitioner ignores this court's warning, it is well settled that district courts possess the inherent power to sanction errant litigants before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1335 (11th Cir. 2002)

("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing district courts' inherent authority to enforce orders and provide for efficient disposition of litigation); *F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). Indeed, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (internal quotations and brackets omitted). Under this authority, federal courts are empowered to impose a wide range of sanctions for offensive or disrespectful conduct. *See F.J. Hanshaw*, 244 F.3d at 1136 ("As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."); *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) (pursuant to inherent power, courts may protect institutional integrity "with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments"). "[T]he choice of an appropriate sanction must be handled on a case-by-case basis." *Young v. Gordon*,

330 F.3d 76, 81 (1st Cir. 2003); *see also In re Prewitt*, 280 F. Supp. 2d 548, 562 (N.D. Miss. 2003) ("The court possesses the discretion to tailor sanctions to the particular facts of the case.").

Notwithstanding Petitioner's pro se status, his pleadings must exhibit proper decorum and respect, regardless of whether he disagrees with the court. Petitioner is instructed that all future pleadings, motions and other papers he files in this or any other action proceeding before the undersigned must comport with the basic standards of decorum and respect, as described in this order. Failure to do so may result in the imposition of sanctions.

**ORDERED** on March 12, 2014.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**