IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE MIGUEL HILARIO,
    Plaintiff,

vs.                                    Case No.:  5:13cv305/RS/EMT

N.C. ENGLISH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Plaintiff's amended civil rights complaint, filed pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (doc. 42).  Leave to proceed in forma pauperis has been granted (doc. 6).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.    BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Federal Bureau of Prisons ("BOP").  He was housed at the Federal Correctional Institution in Marianna, Florida ("FCI-Marianna") when he commenced this action, but he has since been transferred to the Federal Correctional Institution in Berlin, New Hampshire (*see* docs. 1, 42).  He names A. Lopez, a correctional officer at FCI-Marianna, as the sole Defendant (doc. 42 at 1, 2).[1]  Plaintiff alleges that on August 28, 2013, Officer Lopez sexually assaulted him (doc. 42 at 5; *see also* doc. 1 at 9).  He alleges as he walked out of the chow hall after

---

[1] Plaintiff named six Defendants in his original complaint (*see* doc. 1), but he names only Officer Lopez in his amended complaint, which is the operative pleading (doc. 42).

Page 2 of 7

lunch, Officer Lopez directed him to submit to a pat down search (doc. 42 at 5). Plaintiff alleges Lopez slowly caressed his arms, even though his arms were not covered with a long-sleeved shirt (*id.* at 5). He alleges Lopez then slowly caressed his chest and nipples while breathing very heavily on his neck (*id.*). He alleges Lopez then caressed and repeatedly spread his buttocks (*id.*). He alleges she slowly caressed and massaged his testicles and penis (*id.*). Plaintiff alleges the sexual assault lasted approximately 3–4 minutes (*id.*). He alleges he felt worthless, humiliated, and "dirty" (*id.*). Plaintiff claims that Defendant Lopez's conduct violated his Eighth Amendment rights (*id.* at 6, 7). He alleges he suffered physical, emotional, and mental damages as a result of the sexual assault (*id.* at 7). As relief, he seeks compensatory and punitive damages in the amount of $10,000,000.00 (*id.* at 7). He also seeks an injunction requiring the BOP to provide "off-site" counseling (*id.*).

Plaintiff alleges he repeatedly reported the incident to correctional staff, but they threatened him and retaliated against him (doc. 42 at 6). He included more specific allegations regarding his reports, as well as prison officials' reactions, in his original complaint. More specifically, Plaintiff alleged he reported the incident to Lieutenant Willis, and Willis responded that he did not want to hear Plaintiff's complaint (doc. 1 at 11). Plaintiff alleged Lieutenant Willis additionally threatened to send him to the "SHU" and "see if the investigation can find evidence to put sexual assault charges on you for assaulting her" (*id.* at 11–12). Plaintiff alleged he felt intimidated and too afraid to pursue the matter further with staff at FCI-Marianna (*id.* at 12, 13). Plaintiff further alleged that on August 31, 2013, Officer Van-Rivers stated, "I know the officer you claim assaulted you. You are a real piece of work. Why would any woman want to touch a repugnant little man like you. You disgust me. So I'm going to show you how we roll. You got extra duty. Report to me after count." (*id.* at 13). Plaintiff alleged Van-Rivers also threatened to write an incident report against him (*id.*).

Upon review of Plaintiff's original complaint, notably, the fact that it was filed on September 6, 2013, and the events underlying his complaint occurred just nine (9) days prior to that date, the undersigned advised Plaintiff of the exhaustion requirement set forth in 42 U.S.C. § 1997e(a) (*see* doc. 13). The undersigned additionally advised Plaintiff of the BOP policy regarding an inmate victim's reporting of sexual assault or harassment (*id.*). The court provided Plaintiff an opportunity to either voluntarily dismiss this case or file an amended complaint clarifying his allegations (*id.*).

Plaintiff responded to the order by filing the instant complaint (doc. 42). Specifically regarding the exhaustion issue, he states, "Plaintiff have [sic] now exhausted all of his administrative remedies by filing a PREA [Prison Rape Elimination Act] complaint with the Office of the Inspector General and the Regional Office and with [sic] reporting the incident to FCI Berlin's S.I.S. [Special Investigative Supervisor] staff at New Hampshire" (doc. 42 at 6).

II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Third Amended Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

III.    ANALYSIS

As Plaintiff was previously advised on the complaint form itself and in the court's order directing him to file an amended complaint, the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has consistently enforced the PLRA's mandatory exhaustion requirement, holding that the requirement applies to all federal claims brought by any inmate, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See* Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 520, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See* Booth, 532 U.S. at 734. Additionally, exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *See* Booth, 532 U.S. at 739 (emphasis added); *see also* Porter, 534 U.S. at 524–25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); Parzyck v. Prison Health Serv., Inc., 627 F.3d 1215, 1217 (11th Cir. 2010).

Courts do not have discretion to waive the exhaustion requirement, even if it can be shown that the grievance process is futile or inadequate. Woodford, 548 U.S. at 85; Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998). Nor may courts inquire as to whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Woodford, 548 U.S. at 90 (internal quotation omitted).

The Eleventh Circuit has held that "a prison official's serious threats of substantial retaliation against an inmate for lodging in good faith a grievance make the administrative remedy 'unavailable,'" and in such cases "the exhaustion requirement as to the affected parts of the [grievance] process" may be lifted. Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008). A

remedy is deemed "unavailable" when "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." *Id*. (citing Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004) and Smith v. Mosley, 532 F.3d 1270, 1277 (11th Cir. 2008)); *see also* Tilus v. Kelly, No. 12-12216, 2013 WL 692703 (11th Cir. Feb. 26, 2013) (citing Turner).

Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process prior to initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam ); *see also* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). The Supreme Court has made it clear, however, that the "failure to exhaust is an affirmative defense under the PLRA, and . . . [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Nevertheless, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. *Id.* at 215–16; *see also* Clark v. Ga. Bd. of Pardons & Paroles, 915 F.2d 636, 640–41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies").

The BOP policy regarding an inmate victim's reporting of sexual assault or harassment requires each housing unit to post a poster reflecting the BOP's zero-tolerance policy regarding sexual abuse and sexual harassment, and contact information for inmate reporting of sexual abuse allegations. *See* 28 C.F.R. § 115.33(f); United States Department of Justice, Federal Bureau of Prisons Program Statement No. P5324.09, p. 20 (August 20, 2012). Inmates may anonymously report, either verbally or in writing, allegations to staff at all levels, including the regional level, the BOP's Central Office, and the Office of Inspector General ("OIG"). *See* 28 C.F.R. § 115.51; BOP Program Statement No. P5324.09, pp. 21, 23. BOP policy also provides inmate victims protection against retaliation, employing multiple protection measures, such as housing changes or transfers,

emotional support services for inmates who fear retaliation, and monitoring of the conduct and treatment of inmate victims for ninety (90) days to determine if there are changes that may suggest possible retaliation, such as disciplinary reports, housing or program changes, or negative performance reviews.  *See* 28 C.F.R. § 115.67; BOP Program Statement No. P5324.09, p. 24.

Additionally, the inmate handbook for FCI-Marianna inmates expressly advises inmates they may send a letter reporting a sexual assault to the Regional Director or the Director of the BOP using special mail procedure to ensure confidentiality.  *See* Inmate Admission and Orientation Handbook, Federal Correctional Institution and Federal Prison Camp, Marianna, Florida, p. 25 (2013).  The handbook also advises inmates they may write the OIG, which is a component of the Department of Justice and is not a part of the BOP.  *Id.*  The handbook provides the address of the OIG.  *Id.*

The allegations in Plaintiff's original and amended complaints, taken as true, demonstrate that prior to commencing this civil rights case, Plaintiff failed to avail himself of BOP procedures for administratively grieving the sexual assault.  Further, in light of the availability of procedures for Plaintiff to confidentially report the sexual assault to BOP officials outside FCI-Marianna, as well as to non-BOP officials at the OIG, Plaintiff's allegations of retaliation by staff at FCI-Marianna are insufficient to show that the "unaffected" parts of the grievance process were unavailable.  Moreover, Plaintiff's availing himself of BOP reporting procedures <u>after</u> he filed his civil rights complaint in this case on September 9, 2013, is insufficient to cure his failure to exhaust.  *See* <u>Smith v. Terry</u>, 491 F. App'x 81, 83 (11th Cir. 2012) (unpublished) (even assuming that state prisoner was permitted to amend or supplement his civil rights complaint against prison officials and medical staff, his supplemental complaint did not cure his failure to exhaust administrative remedies prior to filing his original complaint, as required under PLRA).  Therefore, dismissal of this action is warranted.  Dismissal should be without prejudice to Plaintiff's commencing a new civil rights action after he has fully and properly exhausted his administrative remedies.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice** for failure to exhaust administrative remedies, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 3rd day of July 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**